# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID JONES,<br>Petitioner, | Case No. 1:17-cv-741 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| WARDEN, MARION<br>CORRECTIONAL INSTITUTION,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Marion Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 13), to which petitioner has responded (Doc. 23).

For the reasons stated below, the undersigned recommends that that the motion to dismiss be granted and the petition be dismissed as time-barred.

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On April 11, 2002, the Highland County, Ohio, grand jury returned a seven-count indictment charging petitioner with three counts of murder and four counts of aggravated arson. (Doc. 12, Ex. 1). After petitioner entered a plea of not guilty by reason of insanity, the trial court ordered an evaluation of his mental condition at the time of the commission of the offense and his competence to stand trial. (Doc. 12, Ex. 3, 4). Petitioner had two additional mental evaluations ordered by the trial court prior to trial. (Doc. 12, Ex. 5, 6).

On October 29, 2003, petitioner filed a motion to suppress his confession, which was denied by the trial court. (Doc. 12, Ex. 7, 13).

On November 7, 2003, the trial court issued an entry declaring a mistrial on the basis that the jury was not capable of reaching a unanimous verdict. (Doc. 12, Ex. 8). Following a second jury trial, petitioner was found guilty of three counts of murder and one count of aggravated arson. (Doc. 12, Ex. 9). Petitioner was acquitted of the remaining aggravated arson charges. On March 31, 2004, petitioner was sentenced to consecutive prison terms of fifteen years to life for each of the three murder convictions and eight years for his aggravated arson conviction. (*Id.*).

On April 15, 2004, petitioner, through counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 12, Ex. 10). Petitioner raised the following four assignments of error in his merit brief:

1. The trial court erred by overruling Defendant's motion to suppress because, under the totality of the circumstances, David Jones was easily coerced and his confession was clearly the result of overreaching and coercion on the part of law enforcement.

2. The jury verdicts finding David Jones guilty of one count of aggravated arson in violation of ORC § 2909.02(A)(2), and three counts of murder in violation of ORC § 2903.02(B) were against the manifest weight of the evidence.

3. The evidence presented to the jury was insufficient as a matter of law to support David Jones' convictions on one count of aggravated arson in violation of ORC § 2909.02 and three counts of felony murder in violation of ORC § 2903.02.

4. The trial court erred in permitting a transcript of David Jones' videotaped confession to be admitted into evidence and to be taken into the jury room.

(Doc. 12, Ex. 11). On February 18, 2005, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the decision of the trial court. (Doc. 12, Ex. 13).

**Ohio Supreme Court**

On April 12, 2005, petitioner, through counsel, filed a notice of appeal to the Ohio Supreme Court. (Doc. 12, Ex. 14). Respondent notes that due to the Ohio Supreme Court's

2

retention schedule, petitioner's memorandum in support of jurisdiction is no longer available. (*See* Doc. 13 at PageID 6, n.5). On August 10, 2005, the Ohio Supreme Court declined jurisdiction over petitioner's case and dismissed the appeal as not involving any substantial constitutional question. (Doc. 12, Ex. 15).

### Motion to Vacate and/or Set Aside Sentence

On October 18, 2010, several years later, petitioner filed a pro se motion to vacate and/or set aside sentence in the trial court. (Doc. 12, Ex. 16). Petitioner argued that he was not properly notified of post-release control. On December 2, 2010, the trial court resentenced petitioner to the same sentence and informed him of his post-release control. (Doc. 12, Ex. 17). On December 23, 2010, the trial court entered a second *nunc pro tunc* judgment entry correcting a clerical error in the December 2, 2010 entry. (*See id.*).

On January 3, 2011, petitioner filed a notice of appeal to the Ohio Court of Appeals. (Doc. 12, Ex. 18). On April 6, 2011, the Ohio Court of Appeals *sua sponte* dismissed petitioner's appeal for his failure to comply with the local rules of the appellate court. (*See* Doc. 12, Ex. 19–20).

Petitioner did not seek further review in the Ohio Supreme Court.

### Federal Habeas Corpus

On October 23, 2017, petitioner commenced the instant federal habeas corpus action.[1] (*See* Doc. 1). Petitioner, with the assistance of another inmate (*See id.* at PageID 4), raises the

---

[1] Petitioner's habeas corpus petition was received by the Court on October 30, 2017. However, petitioner avers that he placed the petition in the prison mailing system for delivery to the Court on October 23, 2017. (*See* Doc. 1 at PageID 5). Because under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on October 23, 2017.

3

following two grounds for relief in the petition:

> **GROUND ONE**: THERE WAS A VIOLATION OF PETITIONER'S UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS WHERE PROSECUTORIAL OR JUDICIAL OVERREACHING, USED TO RETRY PETITIONER CAUSED OR CONSISTED OF ARBITRARY IMPOSITION THAT CONTAINED OR ESTABLISHED COURSE FOR:
>
> A.) altering the legal rules of evidence by requiring less or different evidence in order to convict.
>   1.) Including misapplication of Ohio Revised Code § 2929.03(D)(2).
> B.) requiring or instructing the jury unanimously reach a probability or probabilistic determination of the facts; which
>   1.) served to direct a verdict for the prosecution.
> C.) Including inaction by the trial court judge that affected the "Degree of proof necessary to establish [] guilt."
> D.) And that risked "altering the legal rules for the purpose of inflict[ing] a greater punishment different from the manner of that prescribed."
> E.) Trial court declaration of mistrial, imported ruling to sustain criminal liability in an unconstitutional manner, against petitioner.
> F.) Where manner of prosecutorial or/ judicial overreaching extended into second-trial;
>   1.) undermining the reliability of the jury verdict(s)
>   2.) allowing for fluctuating theories of prosecution in combination with impermissible pretrial confession.
>   3.) causing less likely circumstances (contrary to law and other due process operatives), under procedural legal rules of evidence, by which petitioner could or was entitled to benefit, or otherwise have advantage in his presentation of defense.
>
> **GROUND TWO**: PETITIONER ALLEGES THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING HIS UNCONSTITUTIONAL PRETRIAL CONFESSION INTO THE EVIDENCE OF THE TRIAL. (As voluntary)
>
>   1.) Under the totality of circumstances
>   2.) Under defense of diminished capacity.
>
> Fully incorporating the facts and circumstances above, petitioner asserts that the state court decisions were;
>   a.) Contrary to clearly established Federal law, or,
>   b.) involved an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d)(1).

(Doc. 1).

4

Respondent has filed a motion to dismiss the petition on statute of limitations grounds. (Doc. 13). Petitioner opposes the motion, arguing that the limitations period should be equitably tolled based on petitioner's mental health. Specifically, petitioner contends that his "mental and physical capacity is extremely limited, due to the sexual attack[2] and preexisting mental disorders, which are matters beyond his control. He thus invokes the tolling doctrine for those condition[s] that are beyond his control, and that prevented him from timely following up with his appeal process." (Doc.1 at PageID 4).

On petitioner's motion, the Court ordered respondent to provide petitioner with the opportunity to review his mental health records. The Court initially ordered respondent to provide petitioner with a copy of his mental health records (Doc. 19), before subsequently granting respondent's motion for reconsideration, on the basis that the Ohio Department of Rehabilitation and Correction (ODRC) policy does not permit inmates to obtain or retain copies of their records. (Doc. 20). Respondent was ordered to provide petitioner with the opportunity to review the contents of his personal mental health records in accordance with ODRC policy 07-ORD-11. (Doc. 21). Respondent was also ordered to provide the Court with a sealed copy of petitioner's records for in camera review, which were filed under seal on December 19, 2018. (*See* Doc. 22). Petitioner was granted an extension of time of thirty (30) days from the date he was permitted to review his mental health records to file a response to the motion to dismiss. (Doc. 21).

---

[2] The petition states that petitioner was the victim of a sexual assault, resulting in "hospitalization for major injuries, and mental setbacks." (Doc. 1 at PageID 4).

5

On January 25, 2019, petitioner filed a response in opposition to the motion to dismiss and a motion for relief from judgment. (Doc. 23, 24).[3] Therein, petitioner indicated that he was not provided with the opportunity to review his mental health records. (Doc. 23 at PageID 484).

On January 25, 2019 the Court ordered respondent to respond to petitioner's assertion that he was not afforded the opportunity to review his records. (Doc. 25). Respondent indicates that "[u]ndersigned counsel has contacted staff at the Marion Correctional Institution. Undersigned counsel has been informed that Jones reviewed his personal mental health record in the office of Doctor Robinson on December 18, 2019." (Doc. 27 at PageID 498).

On February 8, 2019, petitioner filed a reply, clarifying that "[w]hile in fact a meeting was held in Dr. Robinson's office on that date and the records were present and discussed, a later meeting was promised for review which never happened. This is what this petitioner's assistant was referring to in the last pleading by the petitioner." (Doc. 28 at PageID 501). Petitioner requests counsel to review the records on his behalf or, in the alternative, for the Court to review his mental health records.[4] (*Id.* at PageID 502).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review

---

[3] By separate order, the undersigned denied petitioner's motion for relief from judgment (Doc. 24), which the Court construed as a motion for reconsideration of the December 13, 2018 order.

[4] By order issued November 20, 2018, the Court denied petitioner's motion for counsel. (Doc. 19).

or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's conviction and sentence became final on May 23, 2011, upon the expiration of the 45-day period for filing an appeal as of right from the court of appeals' April 6, 2011 judgment entry dismissing his appeal.[5] *See* Ohio Sup. Ct. Prac. R. 7.01(A)(1)(a)(1). *See also Gonzalez v. Thaler,* 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"); *Crangle v. Kelly,* 838 F.3d 673, 680 (6th Cir. 2016) (holding that a *nunc pro tunc* order issued to inform a defendant of post-release control amounts to a new judgment that resets AEDPA's one-year statute of limitations period). The statute commenced running on May 24, 2011, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on May 24, 2012, absent the application of statutory or equitable tolling principles.

---

[5] Because the 45-day time period ended on Saturday, May 21, 2011, petitioner had until Monday, May 23, 2011 to file a timely appeal with the Ohio Supreme Court.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. Petitioner did not take any action in the state courts between the Ohio Court of Appeals' April 6, 2011 judgment entry and initiating the instant action more than six years later, on October 23, 2017.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland,* 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from

8

circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson,* 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland,* 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall,* 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner claims that the limitations period should be tolled in this case because his mental health prevented him from filing a timely petition. The Sixth Circuit has held that mental incompetence or incapacity, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll the one-year limitations period. *Ata v. Scutt,* 662 F.3d 736, 742 (6th Cir. 2011). To obtain equitable tolling on that basis, the petitioner must demonstrate that (1) he suffers a mental incompetence or incapacity, and (2) his mental incompetence or incapacity caused his failure to comply with the statute of limitations. *Id.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (citing *McSwain*

9

*v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008)).

As noted above, petitioner was provided with the opportunity to review his mental health records and filed a response in opposition to the motion to dismiss in an attempt to establish that he is entitled to equitable tolling. However, petitioner has made no showing—based on the mental health records or otherwise—that his mental health prevented him from filing a habeas petition between May 24, 2011, the day the statute of limitations began, and May 24, 2012, one year later when the statute of limitations expired. The Court has thoroughly reviewed petitioner's mental health records and is unable to conclude that petitioner's mental health prevented him from pursuing his claims for relief. The documents fail to disclose a mental condition or diagnosis that would prevent him from filing a timely petition with this Court or that any such mental impairment persisted from May 24, 2011 until May 24, 2012.[6]

Furthermore, the record before the Court indicates that both before and after the statute of limitations period petitioner was able to competently pursue his rights. Petitioner filed a pro se motion to vacate his sentence and subsequent notice of appeal prior to his conviction becoming

---

[6] During the relevant time period, petitioner was diagnosed with anxiety and depression and assigned a GAF score of 60-70. (Doc. 22, PAGEID# 308, 378-380). A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed., text rev. 2000). The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death)." *Id.* at 34. The DSM–IV categorizes individuals with scores ranging from 61-70 as having "[s]ome symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." *Id.* A GAF of 51-60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks), or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 503 (6th Cir. 2006). There is nothing in the records to indicate petitioner was mentally incompetent or that his mental condition caused any failure to comply with the AEDPA statute of limitations.

final. (*See* Doc. 12, Ex. 16, 18). Thereafter, on November 1, 2013, petitioner wrote the Ohio trial court seeking the records of his psychiatric examinations for his appeal. (Doc. 12 Ex. 21). On November 29, 2015, petitioner filed a request for transcripts. (Doc. 12, Ex. 22). On March 10, 2015, September 9, 2016, and October 26, 2016, petitioner again wrote the trial court seeking documents. (Doc. 12, Ex. 23, 24, 25). Based on careful review of petitioner's mental health documents and the remaining record before the Court, the undersigned concludes that petitioner has failed to demonstrate that his mental health prevented him from pursuing his claims for relief or complying with the statute of limitations in this case. Accordingly, petitioner has not demonstrated he is entitled to equitable tolling.

Finally, petitioner has neither argued nor otherwise demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on May 24, 2011 and expired one year later on May 24, 2012. Statutory or equitable tolling principles do not apply to further extend the limitations period or otherwise avoid the statute-of-limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 13) should be **GRANTED** on the ground

that the petitioner's habeas corpus petition, filed on October 23, 2017 (1,978 days after the expiration of the limitations period), is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 13) be **GRANTED**, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/11/19

Karen L. Litkovitz
United States Magistrate Judge

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAVID JONES,
    Petitioner,

vs.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:17-cv-741

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).